UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DUDLEY W. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER BRANDON WILLIAMS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CV-397-KAC-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

By way of background, on July 2, 2026, Plaintiff's counsel, Attorney Arthur Knight ("Attorney Knight") filed a motion to withdraw [Doc. 26]. On the following day, the Court denied the motion without prejudice, stating:

> He seeks to withdraw from representing Plaintiff and asks the Court to stay the deadlines or allow Plaintiff thirty days to find counsel. Attorney Knight states that Plaintiff is an attorney. The Court observes that Plaintiff originally filed this Complaint, and it appears he did so in his capacity as an attorney [*See* Doc. 1 p. 8]. If so, a motion to withdraw is not necessary. *See* E.D. Tenn. L.R. 83.4(g) ("Where a party is represented by multiple counsel of record, an attorney may withdraw, provided the party is still being represented by another attorney of record, upon the filing of a notice of withdrawal."). If Plaintiff is not proceeding in his capacity as an attorney, Attorney Knight's motion does not comply with the Local Rules. *See* E.D. Tenn. L.R. 83.4(g)(3) ("Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed."). The Court therefore **DENIES WITHOUT PREJUDICE** the motion [**Doc. 26**]. To the extent Attorney Knight would like to withdraw, he may file a motion or notice, whichever is appropriate, in accordance with the Local Rules.

[Doc. 28].

On August 11, 2026, United States District Judge Katherine A. Crytzer entered an Order to Show Cause [Doc. 30]. She noted that Defendants filed a Motion for Summary Judgment on June 8, 2026, and the time for responding has passed [*Id.* at 1]. She stated:

> Now, over two (2) months have passed since Defendants filed their Motion for Summary Judgment with no response, over one (1) month has passed since Plaintiff first began the process of seeking new counsel or proceeding pro se, and over fourteen (14) days have passed since counsel Knight most-recently started the fourteen-day process of seeking to withdraw. To boot, Plaintiff holds himself out as an attorney who works with counsel Knight. *See* https://taylorknightlaw.com/attorneys/.

[*Id.* at 2]. She gave Plaintiff until August 21, 2026, to show cause why his failure to respond should not constitute a waiver [*Id.*].

On August 17, 2026, Attorney Knight filed the Second Motion to Withdraw [Doc. 31]. He provides Plaintiff's current mailing address and notes that his "three (3) email addresses are in the ECF system as he initially filed this action pro se" [*Id.* at 1]. Attorney Knight represents that he mailed a copy of his motion to Plaintiff on July 3, 2026 [*Id.*]. Attorney Knight does not explain the reason for his withdrawal in his motion, but in his response to the Order to Show Cause, he claims:

> [He] has filed another Motion to Withdraw which hopefully complies with the local rule governing same. [Attorney Knight] has conferred with others concerning his options and duties under the rules governing the licensing of attorneys including rules of the Board of Professional Responsibility which have been adopted by the Tennessee Supreme Court as the law of the State of Tennessee. [He] . . . represented in his previous Motion to Withdraw that an irreconcilable conflict had suddenly arisen. Yet, it is a little more than that. [Attorney Knight] feels that further advice or representation to [Plaintiff] is impossible under the facts and circumstances. [Attorney Knight] feels 'paralyzed' as to what action he can take other than file the Second Motion to Withdraw.

[Doc. 32 p. 1].

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g).

The Court finds Attorney Knight's motion complies with the Local Rules, except that he did not provide Plaintiff's telephone number. The Court notes, however, that Plaintiff originally provided his telephone number and email address when he filed his Complaint [*See* Doc. 1 p. 8]. Considering Attorney Knight's representations to the Court that "an irreconcilable conflict of interest has sudden[ly] occurred and he is legally unable to provide representation to the Plaintiff [Doc. 27 p. 1; *see also* Doc. 32 p. 1], the Court finds withdrawal appropriate. The Court has further considered the prejudice to Plaintiff, see *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) ("[A] district court may forbid withdrawal if it would work severe prejudice on the client or third parties[.]" (citation omitted)), but Plaintiff is an attorney who initiated this action [*See* Doc. 1]. The Court therefore **GRANTS** Attorney Knight's request to withdraw. The Court expects Attorney

Knight to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request. Attorneys Knight is **RELIEVED** of his duties as counsel in this case.

Plaintiff is hereby **ADMONISHED** that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

The Court **DIRECTS** the Clerk's office to mail a copy of this Memorandum and Order to Plaintiff at the address provided in the motion and to update ECF accordingly with Plaintiff's current mailing address [*See* Doc. 31 p. 1].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge